# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (*"Settlement Agreement"*) is entered into between plaintiffs Lauren Miller and Leah Crohn (*"Plaintiffs"*), individually and in their representative capacities as plaintiffs on behalf of the Class, and defendant J. Crew Group, Inc. ("J. Crew" or "Defendant") (Plaintiffs and J. Crew collectively, *"Parties,"* or singularly, *"Party"*).   (Except as otherwise specified, defined terms shall have the meanings set forth in the Definitions and Recitals sections of this Settlement Agreement.)

## RECITALS

A.      On or about June 20, 2013, plaintiff Lauren Miller (*"Miller"*) filed an unverified complaint in the United States District Court for the District of Massachusetts ("*Court*") entitled *Lauren Miller v. J. Crew Group, Inc.,* Case No. 13-cv-11487-RGS.  Miller brought the Action in her individual capacity and in her capacity as a representative of a class of similarly situated persons.  Miller asserted two claims for relief as a result of J. Crew's alleged violation of Mass. Gen. Laws ch. 93, § 105(a): she alleged J. Crew [1] violated Mass. Gen. Laws ch. 93A, § 9, and [2] was unjustly enriched.  Miller claimed J. Crew violated Mass. Gen. Laws ch. 93, § 105(a) by collecting Personal Identification Information in the form of ZIP codes from customers when they make purchases with credit cards at its retail store locations in Massachusetts.

B.      On or about December 2, 2013, Leah Crohn ("*Crohn*") sent a letter to J. Crew pursuant to Mass. Gen. Laws ch. 93A, claiming that she intended to file a class action complaint (collectively with D. Mass. Case No. 13-cv-11487-RGS, the "*Action*" or "*Actions*") against J. Crew based on J. Crew's alleged violations of Mass. Gen. Laws ch. 93A, § 9 as a result of its alleged violation of Mass. Gen. Laws ch. 93, § 105(a).  Crohn claimed J. Crew violated Mass. Gen. Laws ch. 93, § 105(a) by collecting Personal Identification Information in the form of ZIP codes from customers when they make purchases with credit cards at its retail store locations in Massachusetts.

C.      On or about February 5, 2014, in an effort to reach a prompt resolution of the Actions, representatives of the Parties attended an in-person mediation before the Honorable Edward A. Infante (Ret.) of JAMS Alternative Dispute Resolution, in San Francisco, California.  Prior to attending the mediation, the parties' exchanged confidential, informal discovery.  While the mediation provided a constructive forum for settlement discussions, it did not result in a settlement on February 5, 2014.  Thereafter, additional settlement efforts were attempted between the Parties with assistance from Judge Infante, which resulted in the Parties agreeing to settlement terms.

D.      At all times, J. Crew has denied and continues to deny any wrongdoing and denies that it committed, threatened, or attempted to commit, any of the wrongful acts or violations of law or duty that are alleged by Plaintiffs, and instead contends that J. Crew has acted properly.  J. Crew also denies, *inter alia*: (a) that it utilized a credit card transaction form to record Personal Identification Information; (b) all charges of wrongdoing or liability against J. Crew arising out of any conduct, statements, acts or omissions alleged by Plaintiffs; (c) that Plaintiffs will be able to certify a class; and (d) that Plaintiffs or the Class are entitled to any form of damages, penalties, or any relief whatsoever (at law or at equity) based on the conduct alleged by Plaintiffs.  In addition, J. Crew maintains that it has meritorious defenses to the claims alleged by Plaintiffs and was prepared to vigorously defend the Actions.  Nonetheless, taking into account the uncertainty and risks inherent in litigation, J. Crew has concluded

that defense of the claims asserted by Plaintiffs would be burdensome and expensive; and that it is desirable and beneficial to fully and finally settle and terminate the Actions in the manner and upon the terms and conditions set forth in this Settlement Agreement.

**E.**     Plaintiffs believe that their claims have substantial merit.  Nonetheless, Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued prosecution of the Actions against J. Crew through trial and any subsequent appeals.  Plaintiffs and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation.  Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate to the Class, and that it is in the best interests of the Class to settle the claims raised in the Actions pursuant to the terms and provisions of this Settlement Agreement.

**F.**     Accordingly, it is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action asserted or that could have been asserted in the Actions.

### AGREEMENT

**1.**     **DEFINITIONS.**  The following section defines terms that are not defined above.  Some definitions use terms that are defined later in this section:

**1.1**     The terms *"Authorized Claimant"* or *"Authorized Claimants"* mean any Class Member who validly and timely submits a Claim Form for a Voucher according to the terms of this Settlement Agreement.

**1.2**     The terms *"Claim Form"* or *"Claim Forms"* mean the form Class Members must submit to receive a Voucher under this Settlement Agreement.  The Claim Form must be substantially similar to the form attached as **Exhibit F**.

**1.3**     The term *"Claimant"* means any Class Member who submits a Claim Form for a Voucher under this Settlement Agreement.

**1.4**     The term *"Claims Administrator"* means the entity, and any successors to that entity, that J. Crew designates, and Plaintiffs approve (such approval shall be reasonably given), to administer the notice, claims, and Voucher distribution process provided for in the Settlement Agreement.

**1.5**     The terms *"Class," "Class Member," "Class Members," "Settlement Class,"* *"Settlement Class Member,"* and *"Settlement Class Members"* mean all persons who, during the Class Period, used a Credit Card at a Massachusetts J. Crew Store and whose Personal Identification Information, including, but not limited to ZIP code, was requested and recorded by J. Crew at the Massachusetts J. Crew Store.  The terms do not include any person who timely submits a valid request for exclusion pursuant to paragraph 3.10 below.

**1.6**     The term *"Class Period"* means between June 20, 2009 and the date of entry of the Preliminary Approval Order.

**1.7**    The term *"Court"* means the United States District Court for the District of Massachusetts.

**1.8**    The term *"Credit Card"*, for the purposes of this Settlement only, shall include the term debit card.

**1.9**    The term *"Email Notice"* means the legal notice summarizing the proposed settlement terms, as approved by Class Counsel, J. Crew's Counsel, and the Court, to be provided to Class Members under section 3.3 via electronic mail. The Email Notice must be substantially similar to the form attached as **Exhibit D.**

**1.10**    The term *"Fairness Hearing"* means the hearing at which the Court decides whether to approve this Settlement Agreement as being fair, reasonable, and adequate.

**1.11**    The term *"Final Order and Judgment"* means a proposed order and judgment approving the settlement of this Action. The final order must be substantially similar to the form attached as **Exhibit G.** The judgment must be substantially similar to the form attached as **Exhibit H.**

**1.12**    The term *"Final Settlement Date"* means two calendar days after the Final Order and Judgment become "final". For the purposes of this paragraph, "final" means (a) if no appeal from the Final Order and Judgment is filed, the expiration of the time for the filing or noticing of any appeal from the Final Order and Judgment; or (b) if an appeal from the Final Order and Judgment is filed, and the Final Order and Judgment is affirmed or the appeal dismissed, and no petition for a writ of certiorari ("Writ Petition") with respect to the appellate court's judgment affirming the Judgment or dismissing the appeal ("Appellate Judgment") is filed, the expiration of the time for the filing of a Writ Petition; or (c) if a Writ Petition is filed and denied, the denial of the Writ Petition; or (d) if a Writ Petition is filed and granted, the final affirmance of the Appellate Judgment or final dismissal of the review proceeding initiated by the Writ Petition.

**1.13**    The term *"Full Notice"* means the legal notice of the proposed settlement terms, as approved by Class Counsel, J. Crew's Counsel, and the Court, to be provided to Class Members under section 3.3. The Full Notice must be substantially similar to the form attached as **Exhibit B.**

**1.14**    The term *"Internet Posting"* means a website set up by the Claims Administrator for the purposes of providing the Class with notice of the proposed settlement.

**1.15**    The terms *"Massachusetts J. Crew Store"* and *"Massachusetts J. Crew Stores"* mean any J. Crew, Madewell, crewcuts or J. Crew Factory store, located in Massachusetts operated by J. Crew.

**1.16**    The terms *"Voucher"* or *"Vouchers"* means a voucher redeemable in Massachusetts J. Crew Stores that allows an Authorized Claimant to receive $20 off a merchandise purchase (no minimum purchase required). This means that if the total cost of the item(s) selected by the Authorized Claimant to be acquired with the Voucher and the applicable sales tax cause the total amount due to be less than $20, then the Authorized Claimant will receive the item(s) for free. The terms and conditions of the Vouchers are listed in section 2.2 of this Settlement Agreement.

**1.17**    The term *"Named Plaintiffs"* means plaintiffs Lauren Miller and Leah Crohn only in their individual capacity.

**1.18**    The term *"Personal Identification Information"* means personal identification information as defined in Mass. Gen. Laws ch. 93, § 105(a), including ZIP codes.

**1.19**    The terms *"Plaintiffs' Counsel"* or *"Class Counsel"* means the law firms of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP; Pastor Law Office, LLP; The Leonard Law Office P.C.; and Siprut, P.C.

**1.20**    The term *"Preliminary Approval and Provisional Class Certification Order"* or *"Preliminary Approval Order"* means a proposed order preliminary approving the Settlement of this Action and provisionally certifying the Class.  This order must be substantially similar to the form attached as **Exhibit A**.

**1.21**    The term *"Publication Notice"* means the legal notice summarizing the proposed settlement terms, as approved by Class Counsel, J. Crew's Counsel, and the Court, to be provided to Class Members under section 3.3 by two-time publication in a ¼ page advertisement in the Boston Regional edition of USA Today.  The Publication Notice must be substantially similar to the form attached as **Exhibit E**.

**1.22**    The term *"Settlement"* means the settlement of the Actions and related claims.

**1.23**    The term *"J. Crew's Counsel"* means the law firm of Cooley LLP.

**1.24**    The term *"U.S. Mail Notice"* means the legal notice summarizing the proposed settlement terms, as approved by Class Counsel, J. Crew's Counsel, and the Court, to be provided to Class Members under section 3.3 via regular U.S. postal mail.  The U.S. Mail Notice must be substantially similar to the form attached as **Exhibit C**.

2.    SETTLEMENT TERMS

**2.1**    **Compliance with Mass. Gen. Laws ch. 93, § 105(a).**  J. Crew agrees that unless an exception to Mass. Gen. Laws ch. 93, § 105(a) applies, or Mass. Gen. Laws ch. 93, § 105(a) does not apply to a given transaction, it will not record customer ZIP codes on credit card transaction forms in Massachusetts.  J. Crew's agreement to this provision shall in no way expand or restrict the scope of Mass. Gen. Laws ch. 93, § 105(a), and is subject to any changes in Massachusetts law (either by statutory amendment or appellate court opinion).  This Settlement Agreement shall in no way require J. Crew to notify Plaintiffs or Plaintiffs' Counsel of any changes to its policies, practices, and procedures as a result of this Settlement Agreement or in the future.

**2.2**    **Class Relief.**  J. Crew must issue a single Voucher to each Authorized Claimant. The Vouchers will be subject to the following conditions: (a) Vouchers shall be valid for 6 months after issuance; (b) each Authorized Claimant is eligible to receive one (1) Voucher regardless of the number of alleged violations; (c) Vouchers are for a single-use only (may be used only one time); (d) Vouchers shall be redeemable for in-store purchases of merchandise, not including gift cards, at Massachusetts J. Crew Stores only; (e) Vouchers are not redeemable for cash, including if the Authorized Claimant uses the Voucher for less than its full amount, he or she will not receive the remaining balance in cash; (f)

Vouchers are transferable; (g) Vouchers will not be valid for past purchases; (h) Vouchers will not be replaced if lost, stolen, expired, or damaged; (i) Vouchers cannot be used on third-party branded products; and (j) the Vouchers may be used on sale item(s), however, they may not be combined with any other discount program, promotional coupon or Voucher.

**2.3    Attorneys' Fees and Costs.**   J. Crew agrees not to oppose Class Counsel's application for attorneys' fees and costs of $135,000 (total), subject to Court approval. Plaintiffs agree to not petition the Court for more than $135,000 (total) for attorneys' fees and costs. Plaintiffs' Counsel will file any papers supporting its request for attorneys' fees and costs with the Court fourteen (14) calendar days prior to the deadline for Class Members to object to the Settlement, as such deadline is defined in paragraph 3.9 below. If the Court approves the Settlement of this Action and an award of attorneys' fees and costs to Plaintiffs' Counsel, J. Crew agrees to pay the attorneys' fees and costs approved by the Court up to $135,000 (total) to Plaintiffs' Counsel within fourteen (14) days after (a) the Final Settlement Date, or (b) Plaintiffs' Counsel provides J. Crew with its Form W-9, whichever is later. If payment of attorneys' fees and costs is approved by the Court, such payment shall be to the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, which shall have the responsibility to distribute any payment of fees and costs to any other attorney or law firm that may claim entitlement to fees and costs under this Settlement.

**2.4    Incentive Award to Named Plaintiff.**   J. Crew agrees not to oppose Named Plaintiffs' application for an incentive award of $3,000 (each), subject to Court approval. Plaintiffs agree to not petition the Court for more than $3,000 (each) for an incentive award. If the Court approves the Settlement of this Action and an incentive award to Named Plaintiffs, J. Crew agrees to pay the incentive award approved by the Court up to $3,000 (each) to Named Plaintiffs within fourteen (14) days after (a) the Final Settlement Date, or (b) Named Plaintiffs provide J. Crew with their Form W-9s, whichever is later.

**2.5    Settlement Implementation Costs.**   J. Crew will pay all claims administration costs and the cost of providing notice of the proposed settlement to the Class as described in this Agreement.

**2.6    Reduction in Plaintiffs' Incentive Award or Plaintiffs' Counsel's Attorneys' Fees.**   A reduction by the Court or by an appellate court of the attorneys' fees or litigation costs or the individual settlement award sought by the Plaintiffs and Plaintiffs' Counsel shall not affect any of the Parties' other rights and obligations under the Settlement Agreement.

**3.    CLASS SETTLEMENT PROCEDURES**

**3.1    Cooperation to Obtain Court Approval.**   The Parties will jointly take all reasonable steps necessary to secure the Court's approval of this Settlement Agreement and the Settlement.

**3.2    Preliminary Approval and Provisional Class Certification.**   As soon as practicable after this Settlement Agreement is signed, Plaintiffs must take steps to obtain preliminary approval of the class action settlement and provisional class certification by the Court. The motion for preliminary approval of the class action settlement and provisional class certification must request the Court to:

(a)    preliminarily approve this Settlement Agreement as being fair, reasonable, and adequate;

(b)    preliminarily approve the form, manner, and content of the Full Notice, U.S. Mail Notice, Email Notice, Publication Notice and Claim Form described in sections 3.3 and 3.6, and attached as **Exhibits B - F**;

(c)    set the date and time of the Fairness Hearing;

(d)    provisionally certify the Class for settlement purposes only;

(e)    stay all proceedings in the Action against J. Crew until the Court renders a final decision on approval of the Settlement;

(f)    appoint Named Plaintiffs as class representatives for settlement purposes only; and

(g)    appoint the law firms of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP; Pastor Law Office LLP; the Leonard Law Office P.C.; and Siprut, P.C. as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form attached as **Exhibit A**. Class Counsel must draft the motion papers and give J. Crew's Counsel drafts of the motion and proposed order to review at least five (5) calendar days before the motion's filing and service date/deadline. J. Crew shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Preliminary Approval and Provisional Class Certification Order.

       **3.3**    **Notice.** Subject to the Court entering the Preliminary Approval Order, the Parties agree that J. Crew and its retained Claims Administrator will provide the Class with notice of the proposed settlement by the following methods.

(a)    **Internet Posting.** Unless otherwise ordered by the Court, starting no later than thirty (30) calendar days after entry of the Preliminary Approval Order, the Claims Administrator will set up an Internet website and post the complaint, Settlement Agreement, Preliminary Approval Order, Full Notice, Claim Form, and within three Court days after it is filed, Class Counsel's fee application. The website will be active for at least a period of sixty (60) consecutive calendar days. The website shall be designed and constructed to accept electronic Claim Form submission.

(b)    **Email Notice.** Unless otherwise ordered by the Court, starting no later than thirty (30) calendar days after entry of the Preliminary Approval Order, J. Crew, through the Claims Administrator, will send an Email Notice to all persons who, during the Class Period, used a Credit Card at a Massachusetts J. Crew Store and whose ZIP code was requested and recorded by J. Crew at the Massachusetts J. Crew Store and for whom J. Crew has a valid email address. The Email Notice will be substantially similar to the form attached as **Exhibit D**, and will provide

the web address of the Internet Posting and a mailing address to contact the Claims Administrator.

(c) **U.S. Mail Notice.**  Unless otherwise ordered by the Court, starting no later than thirty (30) calendar days after entry of the Preliminary Approval Order, J. Crew, through the Claims Administrator, will send a postcard containing the U.S. Mail Notice to all persons who, during the Class Period, used a Credit Card at a Massachusetts J. Crew Store and whose ZIP code was requested and recorded by J. Crew at the Massachusetts J. Crew Store and for whom J. Crew has a facially valid U.S. Postal address and who were not sent notice by email pursuant to paragraph 3.3(b).  The postcard containing the U.S. Mail Notice will be substantially similar to the form attached as **Exhibit C**, and will provide the web address of the Internet Posting and a mailing address to contact the Claims Administrator.

(d) **Publication Notice.**  Unless otherwise ordered by the Court, between thirty (30) and forty five (45) calendar days after entry of the Preliminary Approval Order, J. Crew shall have the Publication Notice published twice in a ¼ page advertisement in the Boston Regional Edition of USA Today.  The Publication Notice will be substantially similar to the form attached as **Exhibit E**, and will provide the web address of the Internet Posting and a mailing address to contact the Claims Administrator.

    **3.4**    **Proof of Notice.**  No later than seven (7) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment, J. Crew must serve a declaration on Class Counsel confirming that J. Crew, through the Claims Administrator, provided the Class with notice of the proposed settlement in accordance with section 3.3.

    **3.5**    **CAFA Notice**.  J. Crew shall serve upon the relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.

    **3.6**    **Claim Form.**  To be eligible to receive a Voucher, Class Members must accurately complete and submit a Claim Form and deliver that form to the Claims Administrator no later than ninety (90) calendar days after entry of the Preliminary Approval Order.  The Claim Form may be submitted electronically or by postal mail.  The delivery date is deemed to be the date (a) the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of submission electronically through the Internet Posting, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt.  Any Class Member who fails to submit a valid and timely Claim Form will not receive any benefits under this Settlement Agreement.

    **3.7**    **Right to Verify.**  The Claims Administrator may review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim.  In addition, J. Crew may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Class Member.

**3.8     Disputed Claims.**  If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute.  J. Crew's records will be entitled to a rebuttable presumption of accuracy.

**3.9     Objections.**  Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 3.10 below and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement, or to the attorneys' fees and costs requested by Class Counsel, must deliver written objections to Class Counsel and J. Crew's Counsel, and must file such objection with the Court, no later than ninety (90) calendar days after entry of the Preliminary Approval Order.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel and J. Crew's Counsel. Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name and case number of the Action, (b) the full name, address, and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).  Any Class Member who files and serves a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. However, Class Members (with or without their attorneys) intending to make an appearance at the Fairness Hearing must also deliver to Class Counsel and J. Crew's Counsel and file with the Court a "Notice of Intention to Appear" no later than ninety (90) calendar days after entry of the Preliminary Approval Order.  If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted.  If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written brief, which must also contain a list of any such witnesses and a summary of each witness' expected testimony. Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing.  If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

**3.10    Exclusion Requests.**  Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement.  To make this election, Class Members must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action, (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than ninety (90) calendar days after entry of the Preliminary Approval Order.

     **(a)**     **Exclusion List.**  J. Crew must serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than seven (7) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment.

**(b)**     **Blow-up Clause.** Despite this Settlement Agreement, if more than two hundred (200) Class Members request exclusion, then J. Crew may, in its sole discretion, at any time before the Fairness Hearing, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement. If this Settlement Agreement is terminated, it will be deemed null and void *ab initio*. In that event: (i) the Preliminary Approval and Provisional Class Certification Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation will have any affect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

**3.11     Final Approval Order and Judgment.** Before the Fairness Hearing, Plaintiffs must apply for Court approval of a proposed Final Order and Judgment, substantially similar to the forms attached as **Exhibits G and H** respectively. Class Counsel must also draft the motion papers and give J. Crew's Counsel drafts of the motion and proposed order to review at least seven (7) calendar days before the motion's filing and service date/deadline. J. Crew shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Final Order and Judgment.

**3.12     Action Status if Settlement Not Approved.** This Settlement Agreement is being entered into for settlement purposes only. If the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date does not occur for any reason, then this Settlement Agreement will be deemed null and void *ab initio*. In that event (a) the Preliminary Approval Order and all of its provisions will be vacated by its own terms, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiffs as class representatives and conditional appointment of Plaintiffs' counsel as Class Counsel, (b) the Action will revert to the status that existed before the Settlement Agreement's execution date, and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding. If the Court does not approve the Settlement or enter the Final Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, J. Crew shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

**3.13     Voucher Distribution.** If the Court approves the Settlement of this Action, J. Crew, either itself or through the Claims Administrator, must mail the Vouchers to the Authorized Claimants within sixty (60) calendar days following the Final Settlement Date.

**4.     DISMISSAL OF ACTION AND RELEASES**

**4.1     Judgment and Enforcement.** The Parties agree that should the Court grant final approval of the proposed settlement and enter judgment, the judgment shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

**4.2     Class Member's Release.**   Upon entry of the Final Order and Judgment, Plaintiffs and all Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives release and forever discharge J. Crew Group, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of its present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, any and all acts, omissions, or other conduct arising out of or relating to claims under Massachusetts General Laws Chapter 93 section 105(a), Massachusetts General Laws Chapter 93A section 9, and/or unjust enrichment arising out of or relating to any allegations regarding the alleged improper recording of Personal Identification Information or allegations arising out of or related to the sending of marketing materials and/or the sharing of Personal Identification Information of customers who engaged in a Credit Card transaction with J. Crew.

Plaintiffs and the Class Members fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Plaintiffs and the Class Members and their Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, Plaintiffs and the Class Members agree that the waiver in this paragraph is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**4.3     Named Plaintiffs General Release.**   Upon entry of the Final Order and Judgment, the Named Plaintiffs Lauren Miller and Leah Crohn, and each of their successors, assigns, legatees, heirs, and personal representatives release and forever discharge J. Crew Group, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Plaintiffs, and each of Plaintiffs' successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits under Massachusetts law, or any other similar provision under federal or state law, that are similar to California Civil Code section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST**

**HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Named Plaintiffs fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Named Plaintiffs and their Counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that this Settlement Agreement remains effective despite any difference in facts. Further, Named Plaintiffs agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

5.    ADDITIONAL PROVISIONS

      **5.1    J. Crew's Denial of Wrongdoing.**  This Settlement Agreement reflects the Parties' compromise and Settlement of the disputed claims.  Its provisions, and all related drafts, communications and discussions, cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, the meaning of the term Credit Card, the meaning of the term Credit Card form, liability and matters respecting class certification) by any person or entity and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.

      **5.2    Change of Time Periods.**  All time periods and dates described in this Settlement Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

      **5.3    Real Parties in Interest.**  In executing this Settlement Agreement, the Parties warrant and represent that they, including Plaintiffs in their representative capacity on behalf of the Class, are the only persons having any interest in the claims asserted in this Action.  Neither these claims, nor any part of these claims, have been assigned, granted, or transferred in any way to any other person, firm, or entity.

      **5.4    Voluntary Agreement.**  The Parties executed this Settlement Agreement voluntarily and without duress or undue influence.

      **5.5    Binding on Successors.**  This Settlement Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

      **5.6    Parties Represented by Counsel.**  The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Settlement Agreement; (b) they have read this Settlement Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Settlement Agreement and its legal effect.

      **5.7    Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Settlement Agreement and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**5.8    Entire Agreement.**  This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**5.9    Construction and Interpretation.**  Neither Party nor any of the Parties' respective attorneys will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in this Settlement Agreement in any judicial or other proceeding that may arise between them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or affect.

**5.10    Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.11    Exhibits.**  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and the Settlement and are incorporated into this Settlement Agreement as though fully set forth in the Settlement Agreement.

**5.12    Modifications and Amendments.**  No amendment, change, or modification to this Settlement Agreement will be valid unless in writing signed by the Parties or their counsel.

**5.13    Governing Law.**  This Settlement Agreement is governed by Massachusetts law and must be interpreted under Massachusetts law and without regard to conflict of laws principles.

**5.14    Further Assurances.**  The Parties must execute and deliver any additional papers, documents and other assurances, and must do any other acts reasonably necessary, to perform their obligations under this Settlement Agreement and to carry out this Settlement Agreement's expressed intent.

**5.15    Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted or attempted in breach of or contrary to this Settlement Agreement.

**5.16    Execution Date.**  This Settlement Agreement is deemed executed on the date the Settlement Agreement is signed by all of the undersigned.

**5.17    Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitute one and the same instrument.  Several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Settlement Agreement may be treated as originals.

5.18   **Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

5.19   **Severability.**  If any provision of this Settlement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement or, if that proves unavailing, either Party can terminate the Settlement Agreement without prejudice to any Party.

5.20   **Inadmissibility.**   This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction. Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding affect of the Final Order and Judgment.

5.21   **No Conflict Intended.**  Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**[CONTINUED ON THE NEXT PAGE]**

5.22 **List of Exhibits:** The following exhibits are attached to this Settlement Agreement:

Exhibit A – [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B – Full Notice

Exhibit C – U.S. Mail Notice

Exhibit D – Email Notice

Exhibit E – Publication Notice

Exhibit F – Claim Form

Exhibit G – [Proposed] Final Order Approving Class Action Settlement

Exhibit H – [Proposed] Final Judgment

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated: 5/31/14 _____          PLAINTIFF LAUREN MILLER

Lauren Miller,
Individually and in her Representative Capacity

Dated: _____          PLAINTIFF LEAH CROHN

Leah Crohn,
Individually and in her Representative Capacity

Dated: _____          DEFENDANT J. CREW GROUP, INC.

By: _____

Title: _____

On behalf of J. Crew Group, Inc.

**5.22    List of Exhibits:**   The following exhibits are attached to this Settlement Agreement:

Exhibit A – [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B – Full Notice

Exhibit C – U.S. Mail Notice

Exhibit D – Email Notice

Exhibit E – Publication Notice

Exhibit F – Claim Form

Exhibit G – [Proposed] Final Order Approving Class Action Settlement

Exhibit H – [Proposed] Final Judgment

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:_____          **PLAINTIFF LAUREN MILLER**

                                      _____
                                      Lauren Miller,
                                      Individually and in her Representative Capacity

Dated: 06/01/2014                     **PLAINTIFF LEAH CROHN**

                                      _____
                                      Leah Crohn,
                                      Individually and in her Representative Capacity

Dated:_____          **DEFENDANT J. CREW GROUP, INC.**

                                      _____

                                      By:_____

                                      Title:_____

                                      On behalf of J. Crew Group, Inc.

**5.22   List of Exhibits:**   The following exhibits are attached to this Settlement Agreement:

Exhibit A – [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B – Full Notice

Exhibit C – U.S. Mail Notice

Exhibit D – Email Notice

Exhibit E – Publication Notice

Exhibit F – Claim Form

Exhibit G – [Proposed] Final Order Approving Class Action Settlement

Exhibit H – [Proposed] Final Judgment

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:_____          **PLAINTIFF LAUREN MILLER**

_____

Lauren Miller,
Individually and in her Representative Capacity

Dated:_____          **PLAINTIFF LEAH CROHN**

_____

Leah Crohn,
Individually and in her Representative Capacity

Dated: May 29, 2014          **DEFENDANT J. CREW GROUP, INC.**

By: JENNIFER MEEKER

Title: SVP GENERAL COUNSEL

On behalf of J. Crew Group, Inc.

14 of 14

EXHIBIT A

[PROPOSED] PRELIMINARY APPROVAL AND PROVISIONAL CLASS
CERTIFICATION ORDER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN MILLER, | |
| Plaintiff, | |
| v. | C.A. No. 13-cv-11487-RGS |
| J. CREW GROUP, INC. | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION ORDER**

On [Month Day, Year], this Court heard Lauren Miller and Leah Crohn's ("Plaintiffs") Motion

for Preliminary Approval of Class Settlement and Provisional Class Certification under Rule 23 of the

Federal Rules of Civil Procedure.  This Court reviewed the motion, including the Settlement Agreement

and Release ("Settlement Agreement").  Based on this review and the findings below, the Court found

good cause to grant the motion.

**FINDINGS:**

1.      Unless otherwise specified, defined terms in this Order have the same definition as the

terms in the Settlement Agreement.

2.      The Settlement Agreement falls within the range of reasonableness meriting possible

final approval.

3.      The Court finds that the method of providing notice to the Settlement Class proposed in

the Settlement Agreement constitutes the best method for providing such notice that is practicable under

the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members of

their rights and obligations, complying fully with the requirements of Rule 23 of the Federal Rules of

Civil Procedure, due process, and any other applicable law.  The Full Notice, U.S. Mail Notice, Email

Notice, Publication Notice, and Claim Form (attached to the Settlement Agreement) comply with Rule 23 and due process because they are reasonably calculated to adequately apprise Settlement Class Members of (i) the pending lawsuit, (ii) the proposed Settlement, and (iii) their rights, including the right to either participate in the Settlement, request exclusion from or object to the Settlement.

      **4.**     It is appropriate to provisionally certify the Settlement Class, for settlement purposes only:

      **(a)**     In the context of the Settlement Agreement, the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable. Fed. R. Civ. P. 23(a)(1).

      **(b)**     In the context of the Settlement Agreement, there are questions of law and fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2).

      **(c)**     In the context of the Settlement Agreement, Plaintiffs' claims are typical of the Settlement Class. Fed. R. Civ. P. 23(a)(3).

      **(d)**     In the context of the Settlement Agreement, Plaintiffs and Class Counsel can adequately represent the Settlement Class. Fed. R. Civ. P. 23(a)(4).

      **(e)**     In the context of the Settlement Agreement, there are questions of law and fact which predominate over any questions affecting only individual Settlement Class Members. Fed. R. Civ. P. 23(b)(3).

      **(f)**     In the context of the Settlement Agreement, class certification is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

**IT IS ORDERED THAT:**

      **1.**     **Settlement Approval.** The Settlement Agreement, including the Full Notice, U.S. Mail Notice, Email Notice, Publication Notice, and Claim Form, attached to the Settlement Agreement as Exhibits B-F, are preliminarily approved.

2. **Provision of Class Notice**. Defendant J. Crew Group, Inc. ("J. Crew") will notify Class Members of the Settlement in the manner specified under Section 3.3 of the Settlement Agreement ("Notice").

3. **Claim for Vouchers**. Class Members who want to receive a Voucher under the Settlement Agreement for $20 off of a merchandise purchase (no minimum purchase required) must accurately complete and deliver a Claim Form to the Claims Administrator no later than ninety (90) calendar days after entry of the Preliminary Approval Order.

4. **Objection to Settlement**. Class Members who have not requested exclusion from the Class pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and J. Crew's Counsel, and must file such objection with the Court no later than ninety (90) calendar days after entry of the Preliminary Approval Order. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name and case number of the Action, (b) the full name, address, and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). Any Class Member who files and serves a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. However, Settlement Class Members (with our without or their attorneys) intending to make an appearance at the Fairness Hearing must also deliver to Class Counsel and J. Crew's Counsel and file with the Court a "Notice of Intention to Appear"

no later than ninety (90) calendar days after entry of the Preliminary Approval Order.  If the objecting

Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also

identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the

attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is

admitted.  If the objecting Settlement Class Member intends to request the Court allow the Class

Member to call witnesses at the Fairness Hearing, such request must be made in the Settlement Class

Member's written brief, which must also contain a list of any such witnesses and a summary of each

witness' expected testimony.  Only Class Members who file and serve timely Notices of Intention to

Appear may speak at the Fairness Hearing.  If a Class Member makes an objection through an attorney,

the Class Member will be responsible for his or her personal attorney's fees and costs.

     5.    **Failure to Object to Settlement.**  Class Members who fail to object to the Settlement

Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the

Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection,

intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak

at the Fairness Hearing.

     6.    **Requesting Exclusion.**  Class Members who want to be excluded from the Settlement

must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the

Action; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a

statement that he or she does not wish to participate in the Settlement, postmarked no later than ninety

(90) calendar days after entry of the Preliminary Approval Order.

     7.    **Provisional Certification.**  The Class is provisionally certified as a class of all persons

who, during the Class Period, used a Credit Card at a Massachusetts J. Crew Store and whose Personal

Identification Information, including, but not limited to ZIP code, was requested and recorded by J. Crew at the Massachusetts J. Crew Store.

       **8.**    **Appointment of Class Representatives and Class Counsel.**  Plaintiffs Lauren Miller and Leah Crohn are conditionally certified as the class representatives to implement the Parties' Settlement in accordance with the Settlement Agreement.  The law firms of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP; Pastor Law Office LLP; the Leonard Law Office P.C.; and Siprut, P.C. are appointed as Class Counsel.  Plaintiffs Lauren Miller and Leah Crohn must fairly and adequately protect the Class's interests.

       **9.**    **Termination.**  If the Settlement Agreement terminates for any reason, the following will occur:  (a) class certification will be automatically vacated; (b) Plaintiffs will stop functioning as Class representatives; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement.  This Order will not waive or otherwise impact the Parties' rights or arguments.

      **10.**    **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

      **11.**    **Stay of Dates and Deadlines.**  All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

      **12.**    **Plaintiffs' Attorneys' Fee and Costs Petition.**  Within seventy-six (76) calendar days of entry of this Order, Plaintiffs will serve their motion in support of their request for payment of attorneys' fees and expenses.

      **13.**    **Fairness Hearing.**  On _____, at _____ ___.m., this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair,

reasonable, and adequate.  This Court may order the Fairness Hearing to be postponed, adjourned, or

continued.  If that occurs, J. Crew will not be required to provide additional notice to Class Members.


DATED:_____          _____

                                                  UNITED STATES DISTRICT JUDGE