UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN MILLER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> J. CREW GROUP, INC., <br><br> Defendant. | Civil Action No. 1:13-cv-11487-RGS |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

On October 15, 2014, this Court heard Lauren Miller and Leah Crohn's ("Plaintiffs") Motion for Final Approval of Proposed Class Settlement (Dkt. No. 47). This Court reviewed: the motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement") and any objections made to the Settlement Agreement. The Court also considered the oral arguments of counsel. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Action, all Parties to the Action, and all Class Members who have not timely and validly requested exclusion.

3. Notice was provided to Class Members in compliance with Section 3.3 of the Settlement Agreement, Federal Rule of Civil Procedure 23 and due process. The notice: (i) fully

1

and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to request exclusion from, object to, or participate in the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date and place of the Fairness Hearing.

4. For the reasons stated in the Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification (Dkt. No. 37), and having found nothing that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only.

5. The Parties adequately performed their obligations under the Settlement Agreement.

6. Upon review of the record, the Court hereby finds that the terms and provisions of the Settlement Agreement have been entered into in good faith and are fair, reasonable, and adequate as to, and in the best interest of, each of the Class Members, and in full compliance with all applicable requirements of law. With respect to the determination that the Settlement Agreement is fair, reasonable, and adequate, the Court specifically notes that whether the outcome on the merits would result in a ruling in Plaintiffs' and the Class's favor was uncertain, the Settlement Agreement was reached through negotiations with experienced and informed counsel with the assistance of a mediator, and the terms of the Settlement reflect substantial benefits to the Settlement Class in light of the circumstances of the Action.

7. An incentive award to Plaintiffs Lauren Miller and Leah Crohn of $3,000 (each) is fair and reasonable in light of: (a) Plaintiffs' risks (including financial, professional, and

emotional) in commencing this Action as the class representatives; (b) the time and effort spent by Plaintiffs in litigating this action as the class representatives; and (c) Plaintiffs' public interest service.

8. An award of $135,000 (total) in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

9. In making this award of attorneys' fees and costs and expenses, the Court has considered and found that:

> (a) the Settlement provides direct, immediate and tangible economic benefits to the Settlement Class members;
>
> (b) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;
>
> (c) The action involved complex legal and factual issues. But for the Settlement, the litigation would involve further lengthy proceedings, at considerable risk to the Settlement Class, and with uncertain resolution of the legal and factual issues;
>
> (d) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representatives and the Settlement Class may have recovered less or nothing from Defendant;
>
> (e) The requested award of attorneys' fees, costs, and expenses, is fair, reasonable, and consistent with awards in similar cases;
>
> (f) The requested award of attorneys' fees will not in any way diminish the recovery of the Class, and is unopposed by Defendant; and
>
> (g) The requested award of attorneys' fees is amply supported by the law of the Commonwealth of Massachusetts and falls well within the range of attorneys' fees and expenses awarded by courts within Massachusetts using the lodestar/multi-factor methodology.

**IT IS ORDERED THAT:**

1. **Class Members**: The Class Members are defined as:

    All persons who, during the period between June 20, 2009 and June 27, 2014, used a Credit Card at a Massachusetts J. Crew Store and whose Personal Identification information, including, but not limited to ZIP code, was requested and recorded by J. Crew at the Massachusetts J. Crew Store. Class Members do not include persons who filed timely and valid requests for exclusions.

2. **Binding Effect of Order.** This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members. This order does not bind persons who filed timely and valid requests for exclusion. Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

3. **Release.** Plaintiffs and all Class Members are: (1) deemed to have released and discharged J. Crew Group, Inc., for all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in paragraphs 4.2 and 4.3 of the Settlement Agreement and are specifically incorporated herein by this reference.

4. **Class Relief.** J. Crew will issue a single Voucher to each Authorized Claimant who submitted a valid and timely Claim Form as provided in the Settlement Agreement pursuant to the timeline stated in Paragraph 3.13 of the Settlement Agreement.

5. **Incentive Award.** Plaintiffs Lauren Miller and Leah Crohn are awarded $3,000 (each) as an incentive award. Payment shall be made pursuant to the timeline stated in Paragraph 2.3 of the Settlement Agreement.

6. **Attorneys' Fees and Costs**. Class Counsel are awarded $135,000 (total) in fees and costs. Payment shall be made pursuant to the timeline stated in Paragraph 2.4 of the Settlement Agreement.

7. **Court's Jurisdiction**. Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

Dated: 10-15-14.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

Exclusion Report  10/03/2014 02:04 PM
PROJECT: JCrew - Database: JCREW  Page 1 of 1
Report Criteria: None  Report ID :EXC15001

| EXCL ID | FULL NAME |
|---|---|
| 1 | KELLY SARVEY |
| 2 | WENDY ORSHAN |
| 3 | KATIE TISCIONE |
| 4 | RICHARD REGENTIN |
| 5 | WILLIAM I BAKER |
| 6 | RAQUEL T WHARTON ROHR |
| 7 | YING ZHENG |
| 8 | MEGAN E KORTE |
| 9 | DAVID R NICHOLS |
| 10 | SHARON P WHALEN |
| 11 | STEVEN J SNIDER |
| 12 | LAUREN D KWOK |
| 13 | TERRIS KUTSCHERA |

TOTAL NUMBER OF EXCLUSIONS: 13

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Rust Consulting, Inc.